IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Plaintiff, | § | |
| | § | Criminal No. 3:15-CR-226-D(05) |
| VS. | § | |
| | § | |
| CHESTER BROWN, | § | |
| | § | |
| Defendant. | § | |

MEMORANDUM OPINION
AND ORDER

Defendant Chester Brown ("Brown") moves for a reduction in sentence pursuant to

18 U.S.C. § 3582(c)(1)(A)(i).  For the following reasons, the court denies Brown's motion

to the extent that he seeks compassionate release, and it dismisses the motion for lack of

jurisdiction to the extent that Brown's attempt to challenge the legality of his sentence should

be construed as a successive § 2255 motion.

I

Brown pleaded guilty to two counts of conspiracy to distribute a controlled substance,

in violation of 21 U.S.C. §§ 841(a)(1) & (b)(1)(C) and 846.  On August 19, 2016 the court

sentenced him to 240 months' imprisonment on count 1 and 22 months' imprisonment on

count 2, to run consecutively, for a total of 262 months, followed by 3 years of supervised

release on each count, to run concurrently.  The Fifth Circuit dismissed Brown's sentence

appeal as frivolous.  Brown also filed a motion to vacate under 28 U.S.C. § 2255, which the

court denied.[1]   Brown now moves for a sentence reduction under 18 U.S.C. § 3582(c)(1)(A)(i) based on alleged "extraordinary and compelling reason[s]."  D. Mot. 1. The government opposes the motion.

II

A district court lacks inherent authority to modify a defendant's sentence after it has been imposed.  *See* 18 U.S.C. § 3582(c).  But under § 3582(c)(1)(A), as amended by the First Step Act of 2018, "[a] court, on a motion by the [Bureau of Prisons ("BOP")] or by the defendant after exhausting all BOP remedies, may reduce or modify a term of imprisonment, probation, or supervised release after considering the factors of 18 U.S.C. § 3553(a), if 'extraordinary and compelling reasons warrant such a reduction.'"   *United States v. Chambliss*, 948 F.3d 691, 692-93 (5th Cir. 2020) (quoting 18 U.S.C. § 3582(c)(1)(A)(i)); *see also id.* at 693 n.1.[2]  When deciding whether to modify a term of imprisonment, the court must "consider[] the factors set forth in [18 U.S.C. §] 3553(a) to the extent that they are applicable."  18 U.S.C. § 3582(c)(1)(A).  Of course, it is now well settled that "neither the policy statement" of the Sentencing Commission "nor the commentary to it binds a district court addressing a prisoner's own motion under § 3582." *United States v. Shkambi*, 993 F.3d

---

[1]Brown's appeal of the denial of his § 2255 motion was dismissed on August 11, 2021 for want of prosecution.

[2]Brown attaches as an exhibit to his motion a copy of what appears to be a request to the Warden for compassionate release.  D. Mot. 10.  Based on this exhibit, the court will assume *arguendo* that he has exhausted his administrative remedies, as required under 18 U.S.C. § 3582(c)(1)(A).

- 2 -

388, 393 (5th Cir. 2021). To be clear, the court does *not* consider itself to be bound by U.S.S.G. § 1B1.13 in deciding this § 3582(c)(1)(A) motion brought by a prisoner.

III

Brown contends that extraordinary and compelling circumstances warrant a sentence reduction because he was charged with possession of a controlled substance in the form of "crack cocaine," but the Attorney General has now mandated that "crack cocaine" be treated the same as "powder cocaine" for purposes of sentencing. Brown also argues that the court violated his rights under the Sixth Amendment when it enhanced his sentence based on facts that Brown did not admit and that the government did not prove beyond a reasonable doubt during the sentencing hearing, and that he should have instead been sentenced within a range of 70 to 87 months with three points for acceptance of responsibility.

The court disagrees with Brown that Attorney General Merrick Garland's December 16, 2022 memorandum—which, *inter alia*, provides internal guidance to federal prosecutors to promote the equivalent treatment of crack and powder cocaine offenses—creates an extraordinary and compelling reason for a sentence reduction.[3]

---

[3]*See, e.g.*, *United States v. Ozen*, 2023 WL 4467160, at *4 (E.D. Tex. July 11, 2023) ("[T]he Court is guided by the statute passed by Congress and the Sentencing Guidelines, both of which recognize a distinction between crack cocaine and powder cocaine. The Court therefore finds that the change in DOJ internal policy does not constitute an extraordinary and compelling reason for a reduction" (quoting *United States v. Farley*, 2023 WL 2544328, at *2 (W.D.N.C. Mar. 16, 2023))); *United States v. Sterling*, 2023 WL 2804902, at *3 (W.D. La. Apr. 4, 2023) (noting that "the court may find a disparity between the defendant's actual sentence and what it would be under current law to constitute extraordinary and compelling circumstances even if the changes have not been made retroactive," but concluding "the Garland memo does not reflect a change to current law. Instead, it is an internal policy

- 3 -

Nor is Brown correct that the court's application of the sentencing enhancements in this case violated his Sixth Amendment rights or *Apprendi v. New Jersey*, 530 U.S. 466 (2000). As the government points out in response, under *Apprendi*, "other than the fact of [a] prior conviction, any fact that increases the penalty for a crime *beyond the prescribed statutory maximum* must be submitted to a jury and proved beyond a reasonable doubt." Gov't Resp. (ECF No. 890) at 7 (emphasis added). Under *Alleyne v. United States*, 570 U.S. 99 (2013), "any fact that *increases the mandatory minimum sentence* for a crime is an element of the crime and not a sentencing factor and must be submitted to the jury." Gov't Resp. (ECF No. 890) at 7 (emphasis added). But neither *Apprendi* nor *Alleyne* applies here because the sentencing enhancements that Brown complains about did not increase the penalty beyond the statutory maximum or increase the mandatory minimum sentence. And facts relevant to sentencing, such as discretionary guideline enhancements, need only be found by a preponderance of the evidence. *United States v. Watts*, 519 U.S. 148, 156 (1997); *United States v. Romans,* 823 F.3d 299, 316 (5th Cir. 2016).

But even assuming *arguendo* that Brown has shown an extraordinary and compelling reason, the court concludes below that his motion should be denied after considering the § 3553(a) factors. *See, e.g.*, *United States v. Rudzavice*, 831 Fed. Appx. 731, 732 (5th Cir. 2020) (per curiam) (declining to decide whether risk of reinfection constituted extraordinary and compelling reason for compassionate release because district court did not abuse its

_____

document for the Department of Justice.").

discretion by concluding that defendant remained danger to safety of others and that his immediate release would not be in the interest of justice and would minimize the seriousness of his crimes).

IV

The court now considers the § 3553(a) factors.  As noted, when deciding whether to modify a term of imprisonment, the court must "consider[] the factors set forth in [18 U.S.C. §] 3553(a) to the extent that they are applicable."  18 U.S.C. § 3582(c)(1)(A); *see also Shkambi*, 993 F.3d at 393 ("The district court on remand is bound only by § 3582(c)(1)(A)(i) and, as always, the sentencing factors in § 3553(a).").  Under § 3553(a)(2), the court can consider such factors as "the need for the sentence imposed—(A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (B) to afford adequate deterrence to criminal conduct; [and] (C) to protect the public from further crimes of the defendant[.]"  "[C]onsideration of the pertinent § 3553(a) factors functions as a reliable cross-check against (and can result in the veto of) the preliminary conclusion that there are extraordinary and compelling reasons to reduce [a defendant's] sentence."  *United States v. Rainwater*, 2021 WL 1610153, at *3 (N.D. Tex. Apr. 26, 2021) (Fitzwater, J.).

"When a district court denies a motion for compassionate release, it must give "'specific factual reasons" for its decision.'"  *United States v. Stanford*, ___ F.4th ___, 2023 WL 5284059, at *2 (5th Cir. Aug. 17, 2023) (quoting *United States v. Handlon*, 53 F.4th 348, 351 (5th Cir. 2022)).  In this case, Brown is currently serving a 262-month sentence for

conspiring to distribute large amounts of cocaine and crack cocaine: drugs that are extremely deleterious to users and the community at large.  His guideline range was enhanced because he qualified as an organizer or leader of a criminal activity.  PSR ¶ 31.  And he received an enhancement to the guideline range because he maintained a "trap house . . . for the primary purpose of manufacturing and distributing drugs."  PSR ¶ 29.  At the time of sentencing, he fell into criminal history category III based on multiple prior adult convictions.  He is not eligible for release from prison until November 22, 2035.  If the court grants Brown's motion, it will be ordering him released more than *12 years* before he would otherwise be eligible.  Not only would Brown's release not be in the interest of justice, it would minimize the seriousness of his crimes and would fail to afford adequate deterrence to this type of criminal conduct.  *See Chambliss*, 948 F.3d at 694 (holding that district court did not abuse its discretion in denying compassionate release on grounds that, *inter alia*, "requiring [defendant] to serve the remainder of his sentence would 'provide just punishment for the offense' and 'afford adequate deterrence to criminal conduct'").

Concerning the need to protect the public from future crimes, Brown fails to provide any evidence that he is not a danger to the community.  *See United States v. Crandle*, 2020 WL 2188865, at *3 (M.D. La. May 6, 2020) ("Generally, the defendant has the burden to show circumstances meeting the test for compassionate release.").  Moreover, the undersigned as the sentencing judge is aware of Brown's relevant offense conduct, including the enhancement that he received as an organizer or leader and his multiple prior criminal convictions, and finds that he would pose a danger to the public if granted an early release.

- 6 -

*See United States v. Keys*, 846 Fed. Appx. 275, 276 (5th Cir. 2021) (per curiam) (holding that district court did not abuse its discretion by relying on defendant's 30-year-old bank-robbery conviction when denying motion for compassionate release despite defendant's contention that his post-sentencing conduct showed he was no longer a danger to the public).

Weighing the pertinent § 3553(a) factors together, the court concludes that Brown's sentence should not be reduced under 18 U.S.C. § 3582(c)(1)(A). *See, e.g., United States v. Samak*, 832 Fed. Appx. 330, 331 (5th Cir. 2020) (per curiam) (affirming denial of motion for compassionate release and holding that district court did not abuse its discretion when it "specifically cit[ed] the nature of [defendant's] offense conduct, the need for the sentence imposed to reflect the seriousness of the offense, the need to protect the public, and the need to afford adequate deterrence to criminal conduct").

V

To the extent that Brown's motion can be construed as challenging the legality of his sentence, the proper vehicle for raising such a claim after the expiration of the period for filing a direct appeal is a motion to vacate sentence under 28 U.S.C. § 2255. *See Jeffers v. Chandler*, 253 F.3d 827, 830 (5th Cir. 2001) ("Section 2255 provides the primary means of collaterally attacking a federal conviction and sentence. Relief under this section is warranted for errors that occurred at trial or sentencing." (citations omitted)). Because Brown previously filed a § 2255 motion that was denied on the merits, *see Brown v. United States*, 2021 WL 1795700, at *1 (N.D. Tex. Apr. 5, 2021) (Ramirez, J.), *rec. adopted*, 2021 WL 1789144 (N.D. Tex. May 5, 2021) (Fitzwater, J.), he must first obtain authorization from

- 7 -

the United States Court of Appeals for the Fifth Circuit before he can pursue a successive §
2255 motion.  *See* 28 U.S.C. § 2244(b)(3).  He has not received Fifth Circuit authorization
to file a successive § 2255 motion.  Accordingly, Brown's attempt to challenge the legality
of his sentence, construed as a successive § 2255 motion, is dismissed for lack of jurisdiction.

VI

Considering the record in this case and pursuant to Fed. R. App. P. 22(b), Rule 11(a)
of the Rules Governing §§ 2254 and 2255 Proceedings, and 28 U.S.C. § 2253(c), the court
denies a certificate of appealability as to Brown's construed successive § 2255 motion.[4]  The
court finds that Brown has failed to show (1) that reasonable jurists would find this court's
"assessment of the constitutional claims debatable or wrong," or (2) that reasonable jurists
would find "it debatable whether the petition states a valid claim of the denial of a
constitutional right" and "debatable whether [this court] was correct in its procedural ruling."
*Slack v. McDaniel,* 529 U.S. 473, 484 (2000).

If Brown files a notice of appeal:

( )      he may proceed *in forma pauperis* on appeal.

(**X**)      he must pay the $505.00 appellate filing fee or submit a motion to proceed *in
forma pauperis*.

---

[4]No certificate of appealability is required for Brown to appeal the part of this
memorandum opinion and order that denies his motion for compassionate release.

**SO ORDERED**.

September 12, 2023.

_____
SIDNEY A. FITZWATER
SENIOR JUDGE