IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA § | |
| § | |
| Plaintiff, § | |
| § | |
| VS. § | CRIMINAL NO. 3:15-CR-226-D(5) |
| § | |
| CHESTER BROWN, § | |
| § | |
| Defendant. § | |

MEMORANDUM OPINION
AND ORDER

Defendant Chester Brown ("Brown") moves for relief from final Judgment, to alter and amend the judgment, and to amend the judgment. For the reasons explained, the court denies the motions, or, to the extent they should be construed as motions under 28 U.S.C. § 2255, dismisses the motions without prejudice for want of jurisdiction.

I

Brown pleaded guilty to two counts of conspiracy to distribute a controlled substance and was sentenced to 262 months' imprisonment and a three-year term of supervised release. Brown filed a direct appeal, which was dismissed as frivolous. *United States v. Brown*, No. 16-11322 (5th Cir. Apr. 6, 2017) (per curiam). Brown then unsuccessfully sought relief under 28 U.S.C. § 2255. *Brown v. United States*, 2021 WL 1789144 (N.D. Tex. May 5, 2021) (Fitzwater, J.) (adopting magistrate judge's recommendation), *dism'd for want of prosecution*, 2021 WL 6201386 (5th Cir. Aug. 11, 2021). Brown has also filed two motions for sentence reduction, both of which were denied. On January 17, 2025 President Biden

granted clemency and reduced Brown's custody sentence to 180 months. *See* Dkt. No. 912.

II

Brown's motions for relief from judgment and to alter or amend the judgment seek relief under Fed. R. Civ. P. 59(e) and 60(b). His reliance on these rules to challenge the judgment in a criminal case, however, is misplaced. "[M]otions under the rules of civil procedure do not apply in criminal cases." *United States v. Moore*, 671 Fed. Appx. 349, 350 (5th Cir. 2016) (per curiam) (dismissing appeal of denial of motions under Rule 59(e) and 60(d)(3) as frivolous); *see also United States v. O'Keefe*, 169 F.3d 281, 289 (5th Cir. 1999) (Federal Rules of Civil Procedure "apply to all suits of a civil nature," so Rule 60(b) "simply does not provide for relief from a judgment in a criminal case."); *United States v. Early*, 27 F.3d 140, 142 (5th Cir. 1994) (affirming "denial of meaningless, unauthorized motion").

III

To the extent, however, that Brown's motions attacking his convictions should be liberally construed as motions under 28 U.S.C. § 2255, the motions are unauthorized successive motions. The Antiterrorism and Effective Death Penalty Act of 1996 limits the circumstances under which an individual may file a second or successive motion for post-conviction relief. Antiterrorism and Effective Death Penalty Act of 1996, Pub. L. 104-132, 110 Stat. 1214, 1220-21 (1996). To file a second or successive § 2255 motion, a movant must show that the motion is based on:

> (1)  newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder

>would have found the movant guilty of the offense; or
>
>(2)   a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255(h).

The determination whether the movant satisfies at least one of these requirements must be made by a three-judge panel of a United States court of appeals, before a motion is filed in the district court. *Id.* §§ 2244(b)(3) & 2255(h); *see, e.g., United States v. Mathis*, 660 F.Supp.2d 27, 30 (D.D.C. 2009) ("As is readily apparent from this statutory language, the determination of whether a new rule of constitutional law exists must be decided *by the court of appeals* — and not by the district court — before the second or successive § 2255 motion may be filed in the district court." (emphasis in original)).

The appellate certification requirement for a successive § 2255 motion "acts as a jurisdictional bar to the district court's asserting jurisdiction over any successive [motion to vacate] until [the Fifth Circuit] has granted the [movant] permission to file [such a motion]." *United States v. Key*, 205 F.3d 773, 774 (5th Cir. 2000); *accord Crone v. Cockrell*, 324 F.3d 833, 836 (5th Cir. 2003).

On this record, the court concludes that the motions should be dismissed without prejudice for want of jurisdiction to the extent that they should be construed as motions under § 2255. This is so because Brown has not received authorization from the United States Court of Appeals for the Fifth Circuit to file a successive § 2255 motion. *See United States v. Lawson*, 83 Fed. Appx. 619 (5th Cir. 2003) (per curiam) (dismissing motion to dismiss

indictment as a successive § 2255 motion).

IV

For the reasons explained, Brown's motions under Fed. R. Civ. P. 59(e) and 60(b) are denied.

To the extent Brown's motions should be liberally construed as motions under § 2255, the motions are dismissed without prejudice for lack of jurisdiction because Brown has not obtained authorization to file a successive habeas petition from the United States Court of Appeals for the Fifth Circuit. *See* 28 U.S.C. § 2244(b)(3).

V

Considering the record in this case and pursuant to Federal Rule of Appellate Procedure 22(b), Rule 11(a) of the Rules Governing Sections 2254 and 2255 Proceedings in the United States District Court, and 28 U.S.C. § 2253(c), the court denies a certificate of appealability.[*]  The court adopts and incorporates by reference the reasons set out in this memorandum opinion and order in support of its finding that Brown has failed to show (1) that reasonable jurists would find this court's "assessment of the constitutional claims debatable or wrong," or (2) that reasonable jurists would find "it debatable whether the petition states a valid claim of the denial of a constitutional right" and "debatable whether [this court] was correct in its procedural ruling." *Slack v. McDaniel,* 529 U.S. 473, 484

---

[*] An order dismissing a successive application is a final order requiring a certificate of appealability. *Cf. United States v. Fulton*, 780 F.3d 683, 688 (5th Cir. 2015) (holding that order transferring a successive application to the court of appeals was not a final order requiring a certificate of appealability); *Brewer v. Stephens*, 605 Fed. Appx. 417, 417 (5th Cir. 2015) (per curiam) (same).

(2000).

VI

The Clerk of the Court is directed to open and close, for administrative purposes, a new civil action (NOS 510, assigned to the same district judge as this case) based on the finding that the Rule 59(e) and 60(b) motions are a successive application.

**SO ORDERED**.

February 14, 2025.

_____
SIDNEY A. FITZWATER
SENIOR JUDGE